## JOHN E. ANDRUS v. THE BAY CREEK RAILWAY COMPANY.*

GARRISON, J. My concurrence in the result reached does not rest upon the views expressed in the opinion that was delivered. I do not consider that the state's power to condemn private property is analogous to a civil suit in the only sense in which it bears upon this case. The ultimate question

---

* This opinion should have been printed following that of Beasley, Chief Justice, page 12 *ante.*

sought to be raised is whether one who negligently or maliciously puts in operation an unnecessary condemnation may be compelled to make compensation for the actual injury done thereby. The opinion rendered undertook to settle this question upon grounds to which I do not subscribe. In my judgment the case does not present this question. The pleading demurred to fails to raise it, each of the two counts of the declaration being consistent with the initiation of the proceeding to condemn without either malice or negligence. I therefore think that no cause of action is shown. To go further and say that no action could be maintained under an apt allegation is a doctrine that, upon this record, I do not feel called upon to pronounce.